# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:07-CV-541-DCK

| | |
|---|---|
| DIERDRE ASHTON RHINEHART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CITY OF GASTONIA, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motions In Limine" (Document No. 26) filed on April 30, 2010. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and this motion is now ripe for disposition. Having carefully considered the briefs, arguments of counsel at a Final Pretrial Conference on May 10, 2010, the record, and the applicable authority, the undersigned will grant the motion in part and deny it in part, as described herein.

Defendant's motion requests the Court to issue an Order instructing Plaintiff, her attorneys, and all witnesses not to mention, refer to, interrogate, attempt to elicit testimony or evidence, or to convey to the jury in any manner, either directly or indirectly, any information related to the following topics:

1. Findings or decisions by the EEOC.
2. The City's treatment of other employees.
3. Future losses to include front pay and retirement benefits.
4. The existence of or lack of liability insurance.

It is the Court's understanding that there is currently no dispute regarding topics three and four, and that the parties agree that those topics should not to referenced by the parties or witnesses

during trial. Accordingly, Defendant's motion will be granted as to topics three and four.

Statements at the Final Pretrial Conference also suggest that the parties basically agree on topic two – to the extent that information regarding treatment of other City of Gastonia employees should be limited to those employees similarly situated to Plaintiff and subject to the supervision of Chief Terry Sult. The undersigned will deny the motion regarding topic two, as it is broadly worded, but limit information regarding treatment of other City of Gastonia employees to those who are similarly situated to Plaintiff and under the supervision of Chief Sult.

Finally, the parties do appear to have a fundamental disagreement concerning topic one and the admissibility of findings or decisions by the EEOC. The admission of such findings is within the discretion of the district court. Goldberg v. B. Green and Company, Inc., 836 F.2d 845, 848 n.4 (4th Cir. 1988). After careful consideration, the undersigned is persuaded that the presentation of the EEOC findings in this case is of questionable probative value and more likely to be prejudicial. See Smith v. Universal Services, Inc., 454 F.2d 154, 160-161 5th Cir. 1972). The Court will grant the motion in limine as to topic one and bar information or discussion related to the findings or decisions of the EEOC in this matter.

**IT IS, THEREFORE, ORDERED** that "Defendant's Motions In Limine" (Document No. 26) is **GRANTED** in part and **DENIED** in part, as described herein.

**SO ORDERED**.

Signed: May 11, 2010

David C. Keesler
United States Magistrate Judge